# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **RICKY A. WEST,** | ) |
| **Plaintiff,** | ) |
| | ) NO. 3:20-cv-00817 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| **LEAH R. WILSON,** | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

Plaintiff Ricky West, an inmate at the Davidson County Sheriff's Office in Nashville, Tennessee, filed a pro se civil rights Complaint under 42 U.S.C. § 1983 (Doc. No. 1) and a document reflecting his desire to proceed in this Court without prepaying fees and costs (*id.* at 13). The Complaint is before the Court for an initial review. For the following reasons, this action will be **DISMISSED** without prejudice.

## I. APPLICATION TO PROCEED AS A PAUPER

The Court may authorize an inmate to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Plaintiff filed a copy of his inmate trust account statement (Doc. No. 1 at 13), which the Court construes as a request to proceed as a pauper. Because it appears that Plaintiff cannot pay the $400.00 filing fee, his IFP application is **GRANTED**.

## II. INITIAL REVIEW

The Court must dismiss the Complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court also must liberally construe pro se pleadings and hold them to "less

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**A. Factual Allegations**

Plaintiff alleges that he had a status hearing in Davidson County Criminal Court on January 22, 2020. (Doc. No. 1 at 4–5). Plaintiff's attorney at the time was Leah Wilson, but Plaintiff requested new counsel at the hearing. (*Id.* at 5). Plaintiff raised challenges to Wilson's representation, and Wilson eventually told the judge, among other things, that Plaintiff was guilty as charged. (*Id.* at 5–6). Wilson no longer represents Plaintiff in this case, and Plaintiff alleges that Wilson deliberately sabotaged his defense. (*Id.* at 5). Plaintiff sues Wilson, requesting monetary damages and that Wilson be disbarred. (*Id.* at 6)

**B. Legal Standard**

To determine if the Complaint passes initial review, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

**C. Analysis**

"There are two elements to a § 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived

2

the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citations omitted).

Here, Plaintiff fails to state a claim against Wilson for three reasons. First, "it is well-settled that a lawyer representing a client is not a state actor under color of law within the meaning of § 1983[,] . . . even in cases where a public defender has been assigned to represent an indigent defendant." *Kenny v. Bartman*, No. 16-2152, 2017 WL 3613601, at *3 (6th Cir. May 19, 2017) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318–19 & n.7 (1981)).

Second, under the *Heck* doctrine, Section 1983 cannot be used to assert claims implying the invalidity of confinement—including claims of ineffective assistance of counsel—unless and until the process giving rise to that confinement has been set aside in some way. *See Hudson v. Smith*, No. 3:11-cv-00040, 2011 WL 161769, at *2 (M.D. Tenn. Jan. 19, 2011) (discussing *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641 (1997)). "Rather, the appropriate avenue for an ineffective assistance of counsel challenge is via habeas proceedings." *Kelly v. Beggs*, No. 15-cv-10721, 2017 WL 5759974, at *2 (E.D. Mich. Apr. 13, 2017) (citing *Taylor v. Oakland Cnty. Cir. Ct.*, 831 F.2d 297, 1987 WL 44958 (6th Cir. Oct. 5, 1987)).

Third and finally, Plaintiff asserts a state law claim of defamation (Doc. No. 1 at 3–4), and to the extent such a claim would not be barred by the *Heck* doctrine discussed above, the Court lacks diversity jurisdiction because it appears that both parties reside in the state of Tennessee. *See* 28 U.S.C. § 1332(a).

### III. CONCLUSION

For these reasons, there is no basis for the Court to exercise federal question jurisdiction, and the Court lacks diversity jurisdiction. Accordingly, this action is **DISMISSED** without prejudice for lack of subject matter jurisdiction and the Court **CERTIFIES** that any appeal in this

3

matter would not be taken in good faith. 28 U.S.C. § 1915(a)(3). The Court, therefore, will not grant Plaintiff leave to proceed as a pauper on any appeal.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE